Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
Alaska Bar No. 8511179
911 West 8th Ave., Suite 400
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom@matthewszahare.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MICHAEL CUSACK, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ABBOTT LABORATORIES, INC., ) <br> ABBVIE, INC., ABBVIE ) <br> ENDOCRINOLOGY, INC.; ABBVIE US ) <br> LLC; PREDECESSORS AND/OR ) <br> SUCCESSORS IN INTEREST OF ) <br> ABBOTT LABORATORIES AND/OR ) <br> ABBVIE INC. AND/OR ABBVIE ) <br> ENDOCRINOLOGY INC., AND/OR ) <br> ABBVIE US LLC; LOUISE KRESSLEY; ) <br> and JOHN/JANE DOES 1-10, ) <br> ) <br> Defendants. ) | Case No.: 3:16-cv- _____ <br><br><br><br><br><br> State of Alaska Superior Court <br> Third Judicial District <br> Case No.: 3AN-16-06188 CI |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant AbbVie Inc.

respectfully files this Notice of Removal. In support of this removal, AbbVie states the

following.

1. This action is properly removable to this Court under 28 U.S.C. § 1441. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the requirements for diversity of citizenship and the amount in controversy are satisfied.

2. Plaintiff Michael Cusack filed this action on April 22, 2016, in the Superior Court of Alaska, Third Judicial District at Anchorage, as Case No. 3AN-16-6188-CI. As detailed further below, the defendants (other than Louise Kressly) were served with the Complaint on July 11 and 12, 2016.

3. This case involves allegations related to the design, manufacture, labeling, and sale by AbbVie of its prescription drug Humira. Specifically, plaintiff alleges that his treatment with Humira resulted in the development of certain heart conditions, about which AbbVie allegedly failed to warn. Plaintiff also alleges that AbbVie's sales representatives Louise Kressly and John/Jane Doe 1 failed to warn him of the risks associated with Humira.

**I. THIS COURT HAS DIVERSITY JURISDICTION**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, because the real parties in interest are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Plaintiff Michael Cusack is a resident of Alaska and was at the time that the Complaint was filed. (Compl. ¶ 1.)

6. Complete diversity exists because no defendant is a citizen of Alaska. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

Notice of Removal (USDC)
*Cusack vs. Abbott Laboratories, Inc. et al 3:16-cv-_____ ___*
TAM:jlw/2268-1/NoticeRemoval(USDC) Page 2 of 8
Case 3:16-cv-00166-SLG   Document 1   Filed 08/01/16   Page 2 of 8

7. Defendant AbbVie Inc. is incorporated in Delaware with its principal place of business in Illinois. (Decl. of Jennifer M. Lagunas, attached as Exhibit 1 hereto ("Lagunas Decl.") ¶ 3.)

8. Defendant Abbott Laboratories Inc., a wholly owned subsidiary of Abbott Laboratories, is incorporated in Delaware with its principal place of business in Illinois. (Decl. of Mechelle Beiser, attached as Exhibit 2 hereto ("Beiser Decl.") ¶ 4.)

9. Defendant AbbVie Endocrinology Inc. is incorporated in Delaware with its principal place of business in Illinois. (Lagunas Decl. ¶ 4.)

10. Defendant AbbVie US LLC is a single member limited liability company with AbbVie Inc. as its single member. (*Id.* ¶ 5.) Thus, for purposes of diversity of citizenship, AbbVie US LLC is a citizen of Delaware and Illinois.

11. Because the final defendant, Louise Kressly, has not yet been served, her alleged citizenship is irrelevant for removal purposes. *See* 28 U.S.C. § 1441(b)(2) (diversity action "may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought.") (emphasis added); *e.g.*, *May v. Haas*, No. 2:12-cv-01791, 2012 WL 4961235, at *1, *3 (E.D. Cal. Oct. 16, 2012) (acknowledging that one of the defendants was a California citizen, but finding that "[b]ecause no local defendant was served at the time of the removal, removal of this action was proper" and denying motion to remand).

12. Regardless, Kressly is not an Alaska resident for diversity purposes. The Complaint alleges, "[on] information and belief" only, that "Louise Kressly and/or John/Jane Does 1-10 are and/or were residents of the State of Alaska at the pertinent times hereto." (Compl. ¶ 7.) Whether Kressly *was* a resident of the State of Alaska "at

Notice of Removal (USDC)
*Cusack vs. Abbott Laboratories, Inc. et al 3:16-cv-_____ ___*
TAM:jlw/2268-1/NoticeRemoval(USDC)                                    Page 3 of 8
Case 3:16-cv-00166-SLG   Document 1   Filed 08/01/16   Page 3 of 8

the pertinent times" to the Complaint's allegations is not relevant, since for "federal removal jurisdiction on the basis of diversity," diversity "is determine*d . . . as of the time *the complaint is filed and removal is effected.*" *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002) (emphasis added); *see also Sompo Japan Ins. Co. of Am. v. VIP Transp., Inc.*, 568 F. Supp. 2d 1080, 1082 (N.D. Cal. 2008).

13. As detailed in the Kressly Affidavit (attached as Exhibit 3 hereto), Kressly was a citizen of Illinois at the time the Complaint was filed—and she so remains now—because she has been domiciled in Illinois since late 2013. (Kressly Aff. ¶ 2.) Kressly is presently renting a house in Gurnee, Illinois, and she renewed that lease in September 2015. (*Id.* ¶ 5.) Earlier this year, she accepted a new position with AbbVie that requires her to remain in Illinois, and she has no intention of returning to Alaska. (*Id.* ¶ 7.) Kressly maintains a bank account in Gurnee, Illinois; she has paid Illinois state income taxes for the last two years; and her husband resides with her in their Gurnee home. (*Id.* ¶¶ 6, 11.) Further, while Kressly formerly received a Permanent Fund Dividend, she has not received it since 2013 because after that time she was no longer an Alaska resident. (*Id.* ¶ 4.)

14. Thus, at least as of late 2013 (well before plaintiff filed the Complaint), Kressly was a citizen of Illinois. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely."); *see also id.* (domicile is determined based on "a number of factors" which include, among other things, current residence, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, place of employment, and payment of taxes.)

Notice of Removal (USDC)
*Cusack vs. Abbott Laboratories, Inc. et al 3:16-cv-_____ ___*
TAM:jlw/2268-1/NoticeRemoval(USDC) Page 4 of 8
Case 3:16-cv-00166-SLG   Document 1   Filed 08/01/16   Page 4 of 8

15. The citizenship of fictitious Defendants John/Jane Does 1-10 is disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

16. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Plaintiff seeks "compensatory damages jointly and/or severally against defendants in the maximum amount allowed under the law, in an amount in excess of $1,000,000" as well as "[p]unitive damages against the defendants in an amount in excess of $1,000,000." (Compl., Prayer for Relief ¶¶ 1-2.) Thus, plaintiff's claims on their face exceed $75,000. *See, e.g.*, *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."); *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (the burden to show that the amount in controversy requirement is satisfied "can easily be met if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000."). While AbbVie and the other defendants deny that plaintiff's claims have any merit, the amount in controversy plainly satisfies the jurisdictional minimum.

Notice of Removal (USDC)
*Cusack vs. Abbott Laboratories, Inc. et al 3:16-cv-_____ ___*
TAM:jlw/2268-1/NoticeRemoval(USDC)                                    Page 5 of 8
Case 3:16-cv-00166-SLG   Document 1   Filed 08/01/16   Page 5 of 8

17. Because the controversy in this civil action is between citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, complete diversity exists and removal is proper under 28 U.S.C. §§ 1332 and 1441.

## II. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN MET

18. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on defendants in this action are attached as Exhibit 4.

20. This Notice of Removal is timely under 28 U.S.C. § 1446(b) in that it is being filed within thirty days after service of the Complaint on defendants. AbbVie Inc., AbbVie US LLC, and AbbVie Endocrinology Inc., were served on July 11, 2016. Abbott Laboratories Inc. was served on July 12, 2016. *See* 28 U.S.C. § 1446(b); *Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that 30-day period for removal runs from the date of formal service).

21. Removal of this action to the United States District Court for the District of Alaska is proper pursuant to 28 U.S.C. § 1441(a) because this District encompasses the Superior Court of Alaska, Third Judicial District at Anchorage.

22. All defendants consent to and join in this Notice of Removal.

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be given to all adverse parties, and a copy of this notice of removal will be filed with the clerk of the Superior Court of Alaska, Third Judicial District at Anchorage.

24. By removing this action to this Court, AbbVie does not waive any defenses available to it.

Notice of Removal (USDC)
*Cusack vs. Abbott Laboratories, Inc. et al 3:16-cv-_____ ___*
TAM:jlw/2268-1/NoticeRemoval(USDC)  Page 6 of 8
Case 3:16-cv-00166-SLG   Document 1   Filed 08/01/16   Page 6 of 8

WHEREFORE, AbbVie respectfully requests that this Notice of Removal be filed; that the action in the Superior Court of Alaska, Third Judicial District at Anchorage, be removed to this Court; and that no further proceedings be had in the Superior Court of Alaska in this action.

DATED this 1st day of August, 2016 in Anchorage, Alaska.

        MATTHEWS & ZAHARE, P.C.
        Counsel for Defendants

By:   /s/ Thomas A. Matthews
      Alaska Bar No. 8511179
      911 West 8th Ave., Suite 400
      Anchorage, AK 99501
      Phone: (907) 276-1516
      Fax: (907) 276-8955
      tom@matthewszahare.com

      Michael P. Foradas, P.C.*
      Renee D. Smith*
      Brenton A. Rogers*
      KIRKLAND & ELLIS LLP
      300 N. LaSalle
      Chicago, IL 60654
      Telephone: (312) 862-2000
      Facsimile: (312) 862-2200
      michael.foradas@kirkland.com
      renee.smith@kirkland.com
      brenton.rogers@kirkland.com

      Dmitriy Tishyevich*
      KIRKLAND & ELLIS LLP
      601 Lexington Avenue
      New York, New York 10022
      Telephone: (212) 446-4800
      Facsimile: (212) 446-4900
      dmitriy.tishyevich@kirkland.com

      *Admission *pro hac vice* to be sought.

Notice of Removal (USDC)
*Cusack vs. Abbott Laboratories, Inc. et al 3:16-cv-_____ ___*
TAM:jlw/2268-1/NoticeRemoval(USDC)     Page 7 of 8
Case 3:16-cv-00166-SLG   Document 1   Filed 08/01/16   Page 7 of 8

CERTIFICATE OF SERVICE

I certify that I caused a copy of the
foregoing by CM/ECF transmission this
1st day of August 2016 to:

Phillip Paul Weidner, Esq.
Weidner & Associates, APC
943 West 6th Ave., Suite 300
Anchorage, AK 99501
*phillipweidner@weidnerjustice.com*
*Counsel for Plaintiff*


 s/Joyce L. Wylie_____

Notice of Removal (USDC)
*Cusack vs. Abbott Laboratories, Inc. et al 3:16-cv-_____ \_\_\_*
TAM:jlw/2268-1/NoticeRemoval(USDC)   Page 8 of 8
Case 3:16-cv-00166-SLG   Document 1   Filed 08/01/16   Page 8 of 8