Thomas A. Matthews, Esq.
MATTHEWS & ZAHARE, P.C.
Alaska Bar No. 8511179
911 West 8th Ave., Suite 400
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom@matthewszahare.com

Michael P. Foradas, Esq. *Pro Hac Vice*
Renee D. Smith, Esq. *Pro Hac Vice*
Brenton A. Rogers, Esq. *Pro Hac Vice*
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Phone: (312) 862-2000
Fax: (312) 862-2200
michael.foradas@kirkland.com
renee.smith@kirkland.com
brenton.rogers@kirkland.com

Dmitriy Tishyevich, Esq. *Pro Hac Vice*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Phone: (212) 446-4800
Fax: (212) 446-4900
dmitriy.tishyevich@kirkland.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MICHAEL CUSACK,<br><br>   Plaintiff,<br>vs.<br><br>ABBOTT LABORATORIES, INC.,<br>ABBVIE, INC., et al,<br><br>   Defendants.<br>State Court Case No. 3AN-16-06188 CI | Case No.: 3:16-cv-00166 SLG<br><br>**MEMORANDUM OF LAW IN SUPPORT**<br>**OF DEFENDANTS' MOTION TO DISMISS** |

i

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1
STATEMENT OF FACTS ........................................................................................................ 1
ARGUMENT ............................................................................................................................. 3
I. THE COMPLAINT PLEADS NO FACTS TO SUPPORT ANY CLAIMS AGAINST THE DEFENDANTS. ...................................................................................................... 3
    A. Strict Liability ........................................................................................................ 4
        1. Manufacturing Defect ................................................................................. 4
        2. Defective Design ......................................................................................... 5
        3. Failure to Warn ........................................................................................... 5
    B. Negligence ........................................................................................................... 6
    C. Breach of Warranty .............................................................................................. 7
    D. Punitive Damages ................................................................................................ 8
II. PLAINTIFF FAILS TO ADEQUATELY ALLEGE THAT HUMIRA CAUSED HIS INJURIES. ................................................................................................................... 9
CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................... 1, 3, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................... 3, 7

*Brandner v. Hudson*,
    171 P.3d 83 (Alaska 2007) .................................................................................... 8

*Caterpillar Tractor Co. v. Beck*,
    593 P.2d 871 (Alaska 1979) .................................................................................. 4

*Chizmar v. Mackie*,
    896 P.2d 196 (Alaska 1995) .................................................................................. 8

*Gustavson v. Wrigley Sales Co.*,
    961 F. Supp. 2d 1100 (N.D. Cal. 2013) ............................................................. 2, 6

*Hiller v. Kawasaki Motors Corp. USA*,
    671 P.2d 369 (Alaska 1983) .................................................................................. 4

*In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*,
    590 F. Supp. 2d 1282 (C.D. Cal. 2008) ............................................................. 2, 6

*Lyons v. Midnight Sun Transp. Servs., Inc.*,
    928 P.2d 1202 (Alaska 1996) ................................................................................ 8

*McClain v. Metabolife Int'l, Inc.*,
    401 F.3d 1233 (11th Cir. 2005) ............................................................................. 8

*Nelson v. Original Smith & Wesson Bus. Entities and/or Corps.*,
    No. 4:10-CV-0003, 2010 WL 7125186 (D. Alaska May 18, 2010) ......................... 8

*Nelson v. Original Smith & Wesson Bus. Entities
    and/or Corps.*, 449 F. App'x 581 (9th Cir. Sept. 1, 2011) ...................................... 3

*Polley v. Ciba Geigy Corp.*,
    658 F. Supp. 420 (D. Alaska 1987) ....................................................................... 5

*Prince v. Parachutes, Inc.*,
    685 P.2d 83 (Alaska 1984) .................................................................................... 8

*Saari v. Merck & Co., Inc.*,
　961 F. Supp. 387 (N.D.N.Y. 1997) ................................................................................ 9

*Schmitt-Doss v. Am. Regent, Inc.*,
　2014 WL 3853184 (W.D. Va. Aug. 5, 2014) ................................................................. 9

*Shanks v. Upjohn Co.*,
　835 P.2d 1189 (Alaska 1992) ............................................................................ 3, 4, 5, 6

*Shooshanian v. Wagner*,
　672 P.2d 455 (Alaska 1983) ......................................................................................... 7

**Statutes**

Alaska Stat. Ann. § 09.17.020(b) ...................................................................................... 7

Alaska Stat. Ann. § 45.02.314 .......................................................................................... 7

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................... 1, 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 2, 6

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants AbbVie Inc., AbbVie US LLC, AbbVie Endocrinology Inc., and Abbott Laboratories, Inc. respectfully move to dismiss all counts of plaintiff Michael Cusack's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

The Complaint is "an unadorned, the-defendant-unlawfully-harmed me accusation" that flunks Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the most, it appears to allege that sometime after 2008, Cusack was treated with the prescription drug Humira and later suffered injuries. Cusack contends that the defendants—including AbbVie Inc. (who manufactures Humira) and Kressly (one of AbbVie's representatives for Humira)—should be held liable for those alleged injuries. But the Complaint pleads no facts that could give rise to liability by any defendant.

Before filing this motion, defendants discussed the Complaint's various pleading deficiencies with plaintiff's counsel. Following those discussions, plaintiff agreed to dismiss all his claims against defendant Kressly with prejudice. (Dkts. 28, 30.) To date, however, plaintiff has not responded to defendants' letter outlining the pleading deficiencies in his remaining claims against the Abbott and AbbVie defendants. For reasons detailed below, all of these claims fail, because the Complaint does nothing more than recite the elements of various causes of action, for which Cusack offers no factual support.

## STATEMENT OF FACTS

Cusack alleges that in 2008 he was prescribed Humira—a prescription drug manufactured by AbbVie Inc.—for the treatment of his Crohn's disease. (Complaint,

Memorandum in Support of Defendant's Motion to Dismiss  Page 1 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss
Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 5 of 14

Dkt. 1-1 ("Compl.") ¶ 1.) Humira has been approved for treatment of moderate to severely active Crohn's disease in adult patients since February 2007.[1]

Cusack's allegations with regard to his alleged injuries are thin, to say the least. Cusack alleges that he has used Humira since "around 2008." (Compl. ¶ 1.) He alleges that "[p]rior to taking Humira, [he] did not have heart problems," but that he experienced various heart problems at some unspecified time after he started his Humira treatment. (*Id.* ¶ 2.) Cusack asserts that he "learned of the connection between Humira and his heart problems within the past two years." (*Id.*) Beyond asserting that he suffered injuries at some unspecified time after he was treated with Humira, Cusack pleads no facts to establish that Humira proximately caused those injuries.

Cusack fares no better in his allegations regarding defendants' alleged failure to warn him of Humira-related risks. He asserts that Kressly (AbbVie's "drug company representative[]") and John/Jane Doe 1 (another unnamed drug company representative) "were frequently urging Plaintiff, who is a dermatologist, to order Humira for his patients, for a number of conditions, including psoriasis." (*Id.*)[2] Cusack also

---

[1] Ex. 1, FDA Feb. 27, 2007 News Release, "FDA Approves New Treatment for Crohn's Disease"), *available at*
http://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/2007/ucm108852.htm. Public documents available on the FDA's website are properly subject to judicial notice when ruling on a Rule 12(b)(6) motion. *See, e.g.*, *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (taking judicial notice of "a 2009 FDA Guidance Document regarding food labeling available on the FDA's website" and "an FDA response letter also available on the FDA's website," and noting that "[t]he court may take judicial notice of materials available on government agency websites"); *In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*, 590 F. Supp. 2d 1282, 1286 (C.D. Cal. 2008) (taking judicial notice of "labels for Epogen that are publicly available on the FDA website, finding that the labels are documents not subject to reasonable dispute.").

[2] Humira has been approved for treatment of moderate to severe chronic plaque psoriasis in adult patients since January 2008. Ex. 2, January 2008 Humira Label,

Memorandum in Support of Defendant's Motion to Dismiss                                         Page 2 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss
Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 6 of 14

alleges that "[t]he drug representatives failed to warn Plaintiff of the risks of taking Humira" (without specifying what risks Kressly and John/Jane Doe 1 should have warned him about), and that "[t]he drug representatives also urged Plaintiff to increase the dosage of Humira he was taking." (*Id.*)

On these bare allegations alone, Cusack purports to bring claims against all defendants for: (1) strict liability; (2) negligence; (3) implied warranty; (4) express warranty; (5) failure to warn; and (6) punitive damages. (Compl. ¶¶ 13-24.) The Complaint, however, fails to state any such claim against any defendant.

## ARGUMENT

### I. THE COMPLAINT PLEADS NO FACTS TO SUPPORT ANY CLAIMS AGAINST THE DEFENDANTS

All of Cusack's claims should be dismissed because the Complaint fails to satisfy Rule 8 as interpreted by the Supreme Court in *Twombly* and *Iqbal*. *See Iqbal,* 556 U.S. 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *id.* ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (citation and quotation marks omitted); *see also, e.g., Nelson v. Original Smith & Wesson Bus. Entities and/or Corps.*, 449 F. App'x 581, 584 (9th Cir. Sept. 1, 2011) ("*Iqbal* ... requires that a complaint include specific allegations of fact supporting recovery, a standard the Nelsons' vague and speculative language fails to satisfy").

---

*available at* http://www.accessdata.fda.gov/drugsatfda_docs/label/2008/125057s0110lbl.pdf . This label, available on the FDA's website, is properly subject to judicial notice. *See, e.g., Gustavson,* 961 F. Supp. 2d at 1113; *In re Epogen,* 590 F. Supp. 2d at 1286.

Memorandum in Support of Defendant's Motion to Dismiss  Page 3 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss
Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 7 of 14

### A. Strict Liability

Under Alaska law, "[a] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *Shanks v. Upjohn Co.*, 835 P.2d 1189, 1194 (Alaska 1992) (citation omitted). A product may be defective because of a manufacturing defect, a defective design, or a failure to contain adequate warnings. *Id.* The Complaint baldly alleges that Humira "was defectively designed and/or manufactured and/or marketed without adequate warning and without adequate testing or studies," but it alleges no facts whatsoever to support these claims. (Compl. ¶ 11.) These boilerplate allegations fail to state a cause of action.

#### 1. Manufacturing Defect

Under Alaska law, a manufacturing defect exists when there is a "[f]lawed fabrication or construction (i.e., deviating from the condition intended by the manufacturer)." *Caterpillar Tractor Co. v. Beck*, 593 P.2d 871, 878-79 & n.15 (Alaska 1979). The Complaint, however, includes no factual allegations to support such a claim. It includes no facts about the nature of any alleged manufacturing defect, because it does not allege how the Humira Cusack took deviated from its intended design or how it deviated from other Humira prescriptions. *See Hiller v. Kawasaki Motors Corp. USA*, 671 P.2d 369, 372 (Alaska 1983) (the product must be defective at the time it left the possession of the manufacturer). Accordingly, the Complaint has not pled a manufacturing defect claim.

Memorandum in Support of Defendant's Motion to Dismiss  Page 4 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss

Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 8 of 14

### 2. Defective Design

"[A] prescription drug is defectively designed and strict liability should be imposed on its manufacturer if the prescription drug failed to perform as safely as an ordinary doctor would expect, when used by the patient in an intended and reasonably foreseeable manner." *Shanks*, 835 P.2d at 1195. The Complaint cursorily asserts that Humira "did not perform as a reasonable consumer/user would expect, including Plaintiff Michael Cusack and his treating doctors." (Compl. ¶ 14.) This boilerplate allegation is insufficient.

First, it misstates the standard for strict products liability for prescription drugs to the extent that it suggests that Cusack's expectations as a patient are relevant. *Shanks*, 835 P.2d at 1195. Second, the Complaint includes no factual allegations about how an ordinary doctor would expect Humira to perform or how Humira did not perform in the manner that an ordinary doctor would expect. Without such allegations, the Complaint is deficient.

### 3. Failure to Warn

"Under a strict liability failure to warn theory, if the plaintiff proves that the product as marketed posed a risk of injury to one who uses the product in a reasonably foreseeable manner and the product is marketed without adequate warnings of the risk, the product is defective." *Shanks*, 835 P.2d at 1199-200 (citation omitted). In the case of prescription drugs, the warnings should be sufficient to put the prescribing physician on notice of the nature and extent of any scientifically knowable risks or dangers inherent in the use of the drug. *Polley v. Ciba Geigy Corp.*, 658 F. Supp. 420 (D. Alaska 1987).

Memorandum in Support of Defendant's Motion to Dismiss  Page 5 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss
Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 9 of 14

The Complaint baldly claims that "neither the Abbott Laboratories Defendants, nor their representatives informed Plaintiff, nor Plaintiff's health care providers, of adverse effects as to use of the product, nor minimized the risk, nor provided appropriate warnings and other information." (Compl. ¶ 12.) This conclusory allegation fails to state a claim. In particular, the Complaint does not: (a) identify any alleged defect in the Humira warnings; (b) explain what warnings the Humira label should have included, but did not; (c) specify the "scientifically knowable risks or dangers" about which the defendants failed to warn; (d) describe how Humira was rendered unreasonably dangerous by any purported failure to warn; or (e) allege a causal connection between these alleged warning deficiencies and Cusack's alleged injuries. This lack of well-pled facts regarding the alleged inadequacies in the Humira warnings is especially notable given that Humira is a prescription drug that was accompanied by detailed FDA-approved warnings.³ With no such facts, the Complaint merely states boilerplate conclusions that are insufficient under federal pleading standards.⁴

**B. Negligence**

The Complaint alleges that the defendants were "negligent in the manner in which they designed, manufactured, advertised, warranted, and/or warned the

---

³Ex. 2, Jan. 2008 Humira Label, available at
http://www.accessdata.fda.gov/drugsatfda_docs/label/ 2008/125057s0110lbl.pdf. Public documents available on the FDA's website are properly subject to judicial notice when ruling on a Rule 12(b)(6) motion. *See, e.g., Gustavson*, 961 F. Supp. 2d at 1113; *In re Epogen*, 590 F. Supp. 2d at 1286.

⁴ In addition to the strict liability failure-to-warn claim (Compl. ¶ 12), plaintiff also brings a free-standing failure-to-warn claim, which merely restates the cursory allegation that the defendants "are liable due to failure to warn and/or alert consumers of the injuries or diseases cause[d] by Humira." (*Id.* ¶¶ 21-22.) This claim likewise is not supported by any well-pled facts; moreover, under the learned intermediary doctrine, defendants have no duty to warn "consumers" (*i.e.*, patients) of any alleged Humira risks. *See, e.g., Shanks*, 835 P.2d at 1195 & n.6.

Memorandum in Support of Defendant's Motion to Dismiss  Page 6 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss
Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 10 of 14

consumer/users of Humira of the failure rate, adverse events, and/or adverse consequences, and/or defective nature of Humira." (Compl. ¶ 16.)

Once again, these allegations are unsupported by any well-pleaded facts. Specifically, the Complaint fails to allege any facts regarding the manner in which the design, manufacture, advertising, warranty, or warnings associated with Humira were inadequate. Moreover, as described above, a pharmaceutical manufacturer has no duty to warn patients of the risks associated with their products—that duty runs to the prescribing physician. *See, e.g., Shanks*, 835 P.2d at 1195 & n.6 (noting that "neither the common law nor the Federal Food Drug and Cosmetic Act require prescription drug manufacturers to provide full warning information directly to the patient/consumer," and that "[u]nder the 'learned intermediary' rule, a prescription drug manufacturer satisfies the duty to warn if it provides adequate warnings to the prescribing physician.") (citation omitted). Cusack's negligence claim therefore fails.

### C. Breach of Warranty

Cusack alleges that the defendants "are liable for breach of one or more implied warranties under the law as Humira did not perform as the medical providers and Michael Cusack would have expected as reasonable consumers." (Compl. ¶ 18.) Once again, Cusack pleads no facts to support this claim.

To state a claim for breach of express warranty, a plaintiff must allege that: (1) he relied upon the defendant's express representations about the product; (2) that the product was defective; and (3) that he suffered damages as a result of the express representations. *See Shooshanian v. Wagner*, 672 P.2d 455, 461 (Alaska 1983). The Complaint alleges that the defendants made misrepresentations to "Plaintiff and treating

Memorandum in Support of Defendant's Motion to Dismiss  Page 7 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss
Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 11 of 14

doctors [about] the benefits of Humira and minimiz[ed] the risks." (Compl. ¶ 20.) But Cusack once again fails to identify any express representation made by any defendant, to plead facts establishing that the Humira he received was in any way defective, or to allege that he relied on the defendants' express representation.

Similarly, to be merchantable, goods must be "fit for the ordinary purposes for which the goods are used." Alaska Stat. Ann. § 45.02.314 (West). But the Complaint fails to allege any facts to explain how the Humira Cusack received was not merchantable. Cusack's "mere conclusory statements[] do not suffice" to state a cause of action; his breach of warranty claims should be dismissed. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

### D. Punitive Damages

To support a claim for punitive damages, the plaintiff must prove by clear and convincing evidence that the defendant's conduct was: (1) outrageous, including acts done with malice or bad motives; or (2) evidenced reckless indifference to the interest of another person. Alaska Stat. Ann. § 09.17.020(b) (West). Punitive damages "are a harsh remedy 'not favored in law. They are to be allowed only with caution and within narrow limits.'" *Chizmar v. Mackie*, 896 P.2d 196, 210 (Alaska 1995) (internal quotations and citation omitted); *Brandner v. Hudson*, 171 P.3d 83, 89 (Alaska 2007).

The Complaint's punitive damages allegations merely parrot the legal elements of a punitive damages claim, but provide no factual support for those elements. (*See* Compl. ¶¶ 11, 24.) As Cusack's "mere conclusory statements[] do not suffice" to state a cause of action, any claim for punitive damages should be dismissed. Finally, "claims for damages" are "not proper causes of action" by themselves. *Nelson*, 2010 WL

Memorandum in Support of Defendant's Motion to Dismiss                                   Page 8 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss
Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 12 of 14

7125186, at *1-2; *see also id.* at *4. For reasons discussed throughout this motion, all of plaintiff's substantive claims fail as a matter of law. With no substantive claims remaining, Cusack cannot pursue a claim for punitive damages either.

## II. PLAINTIFF FAILS TO ADEQUATELY ALLEGE THAT HUMIRA CAUSED HIS INJURIES.

Finally, Cusack's claims also fail because he does not sufficiently allege that Humira caused his injuries—a necessary element of all his claims. *See Prince v. Parachutes, Inc.*, 685 P.2d 83, 89 (Alaska 1984) ("In a cause of action for strict liability, a plaintiff must prove that the product is defective and that the defect in the product was a proximate cause of plaintiff's injuries."); *Lyons v. Midnight Sun Transp. Servs., Inc.*, 928 P.2d 1202, 1204 (Alaska 1996) (causation is one of the "elements of a negligence claim"). The Complaint merely alleges that "[p]rior to taking Humira, Plaintiff did not have heart problems" and that now he suffers from multiple heart conditions. (Compl. ¶ 2.) But a mere temporal relationship is not enough, because "proving a *temporal* relationship between taking [a drug] and the onset of symptoms does not establish a *causal* relationship." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1243 (11th Cir. 2005) (emphases in original).[5] And setting aside this alleged temporal relationship between Cusack's use of Humira and his injuries, the Complaint does not allege that Humira is even capable of causing any of the injuries Cusack claims to have suffered— let alone that Humira in fact did cause any of them. These boilerplate allegations are inadequate to survive a motion to dismiss.

---

[5] *See also, e.g., Saari v. Merck & Co., Inc.*, 961 F. Supp. 387, 396 (N.D.N.Y. 1997) ("a temporal association between an alleged injury and a vaccination is insufficient evidence to support a finding of causation in fact."); *Schmitt-Doss v. Am. Regent, Inc.*, 2014 WL 3853184, at *8 (W.D. Va. Aug. 5, 2014) ("A temporal link is insufficient on its own to support proximate causation.").

Memorandum in Support of Defendant's Motion to Dismiss
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss

Page 9 of 10

Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 13 of 14

## CONCLUSION

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims.

DATED this 15th day of November 2016 in Anchorage, Alaska.

> MATTHEWS & ZAHARE, P.C.
> Counsel for Defendants
>
> By: /s/ Thomas A. Matthews
> Alaska Bar No. 8511179
> 911 West 8th Ave., Suite 400
> Anchorage, AK 99501
> Phone: (907) 276-1516
> Fax: (907) 276-8955
> tom@matthewszahare.com

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing by CM/ECF transmission this 15th day of November 2016 to:

Phillip Paul Weidner, Esq.
Michael Cohn, Esq.
Weidner & Associates, APC
943 West 6th Ave., Suite 300
Anchorage, AK 99501
phillipweidner@weidnerjustice.com
*Counsel for Plaintiff*

s/Joyce L. Wylie

Memorandum in Support of Defendant's Motion to Dismiss  Page 10 of 10
*Cusack vs. Abbott Laboratories, et al* 3:16-cv-00166 SLG
TAM;jlw/2268-1/DefsMemoInSupporttoDismissDefsMemoInSupporttoDismiss

Case 3:16-cv-00166-SLG   Document 33   Filed 11/15/16   Page 14 of 14