Phillip Paul Weidner
WEIDNER & ASSOCIATES, APC
943 W 6th Ave., Ste 300
Anchorage, AK 99501
(907) 276-1200 (telephone)
(907) 278-6571 (fax)
pmaughan@weidnerjustice.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MICHAEL CUSACK,<br><br>    Plaintiffs,<br>v.<br><br>ABBOTT LABORATORIES, INC.; ABBVIE, INC; ABBVIE ENDOCRINOLOGY INC.; ABBVIE US LLC; PREDECESSORS AND/OR SUCCESSORS IN INTEREST OF ABBOTT LABORATORIES AND/OR ABBVIE INC. AND/OR ABBVIE ENDOCRINOLOGY INC. AND/OR ABBVIE US LLC; LOUISE KRESSLY; JOHN/JANE DOES 1-10,<br><br>    Defendants. | Case No. 3:16-cv-00166-SLG |

## **OPPOSITION TO MOTION TO DISMISS / RULE 56(D) MOTION FOR EXTENSION OF TIME**

Plaintiff Michael Cusack alleged with sufficient specificity the conditions that he has incurred since taking Humira, that he learned of the causal connection between his cardiac conditions and Humira within the two years of the *Complaint*, and that Humira did not warn. While Defendants produce documents as to certain warnings, Defendants have not produced any evidence that the specific cardiac conditions that Dr. Cusack has been diagnosed with were subject to warnings by Defendants when Dr. Cusack took Humira.

Paragraph 2 of the *Complaint* states:

> 1. Prior to taking Humira, Plaintiff did not have heart problems. He suffers from a left bundle branch block, a defect in the bundle branches or fascicles in the electric conduction system of the heart. He also has premature ventricular contractions, which cause abnormal heartbeat. He presently has a cardiomyopathy diagnosis. None of these conditions were present before Plaintiff took Humira. At the time he took Humira starting in 2008, on information and belief, Abbott Laboratories Defendants did not warn of the potential side effects/complications of taking Humira. Plaintiff learned of the connection between Humira and his heart problems within the past two years.

Defendants filed a Motion to Dismiss. Defendants produce a number of exhibits. The use of the exhibits converts the Motion into a Summary Judgment Motion. Plaintiff is entitled to a Rule 56(d) extension of time to oppose to Motion. 180 days is requested.

**LEGAL STANDARDS**

In evaluating BP's *Motion to Dismiss*, this Court is to accept all allegations of material fact in Plaintiff's SAC as true and in the light most favorable to the Plaintiff,[1] resolving any factual ambiguities in Plaintiff's favor.[2] This applies as to both a 12(b)(6) motion and a Rule 56 motion for summary judgment. While the Court does not accept legally conclusory statements that are not grounded in factual allegations, all factual allegations are to be taken as deemed true.[3] Further, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[4] The Complaint must merely contain factual allegations sufficient "to raise a right to relief above the speculative level."[5] It must merely contain "enough facts to state a claim to relief that is plausible on its face."[6] In this regard, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] Finally, "The plausibility

---

[1] *See Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).
[2] *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).
[3] *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).
[4] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
[5] *Id.* at 555–56.
[6] *Id.* at 570.
[7] *Iqbal,* 129 S.Ct. at 1949.

**OPPOSITION TO MOTION TO DISMISS / RULE 56(D) MOTION FOR EXTENSION OF TIME**
*Cusack v. Abbott Laboratories, Inc., et al.*; 3:16-cv-00166-SLG          Page 2 of 4

Case 3:16-cv-00166-SLG   Document 34   Filed 12/08/16   Page 2 of 4

standard is not akin to a probability requirement", but it asks merely for more than is a sheer possibility that a defendant has acted unlawfully."[8]

Rule 9(b) requires that a "party [] state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material to such a motion by Rule 56."[9] Rule 56(d) provides that if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Declaration of Counsel herein is that no discovery has occurred as the case is in its preliminary stage and that discovery is needed for example to find out (1) what Defendants knew about the specific conditions that Dr. Cusack claims and when they discovered the information and any information Defedants possess as to the link between Humira and the conditions; (2) testing/research of Defendants; (3) discovery as to warning decisions including what to include in warnings; (4) interoffice memoranda/as to what drug representatives should tell customers; (5) actual literature warnings provided to customers 2007 – 2008.

However, if the Court grants in part or whole the Motion to Dimiss, Plaintiff respectfully requests an opportunity to amend the *Complaint* to correct any perceived deficiencies.

RESPECTFULLY SUBMITTED this 8th day of December, 2016, at Anchorage, Alaska.

WEIDNER & ASSOCIATES
Counsel for Plaintiff

s/Michael Cohn
Michael Cohn
ABA No. 8506049

---

[8] *Id.* (quoting *Bell Atl. Corp.,* 550 U.S. at 556).
[9] *See*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (2001) (citing Rule 12(b)(6)).

**OPPOSITION TO MOTION TO DISMISS / RULE 56(D) MOTION FOR EXTENSION OF TIME**
*Cusack v. Abbott Laboratories, Inc., et al.*; 3:16-cv-00166-SLG                                        Page 3 of 4

Case 3:16-cv-00166-SLG   Document 34   Filed 12/08/16   Page 3 of 4

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2016, a copy of the foregoing was served electronically on all parties registered to receive documents through ECF in this matter.

s/ Phillip Paul Weidner

**OPPOSITION TO MOTION TO DISMISS / RULE 56(D) MOTION FOR EXTENSION OF TIME**
*Cusack v. Abbott Laboratories, Inc., et al.*; 3:16-cv-00166-SLG        Page 4 of 4

Case 3:16-cv-00166-SLG   Document 34   Filed 12/08/16   Page 4 of 4