Thomas A. Matthews, Esq.
MATTHEWS & ZAHARE, P.C.
Alaska Bar No. 8511179
911 West 8th Ave., Suite 400
Anchorage, AK 99501
Phone:  (907) 276-1516
Fax:  (907) 276-8955
tom@matthewszahare.com

Michael P. Foradas, Esq.  *Pro Hac Vice*
Renee D. Smith, Esq.  *Pro Hac Vice*
Brenton A. Rogers, Esq.  *Pro Hac Vice*
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Phone: (312) 862-2000
Fax: (312) 862-2200
*michael.foradas@kirkland.com*
*renee.smith@kirkland.com*
*brenton.rogers@kirkland.com*

Dmitriy Tishyevich, Esq.  *Pro Hac Vice*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Phone: (212) 446-4800
Fax: (212) 446-4900
*dmitriy.tishyevich@kirkland.com*

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MICHAEL CUSACK, </br> </br> Plaintiff, </br> vs. </br> </br> ABBOTT LABORATORIES, INC., </br> ABBVIE, INC., et al, </br> </br> Defendants. </br> State Court Case No. 3AN-16-06188 CI | ) </br> ) </br> ) </br> ) Case No.:  3:16-cv-00166 SLG </br> ) </br> ) </br> ) **REPLY IN SUPPORT OF** </br> ) **DEFENDANTS' MOTION TO DISMISS** </br> ) |

In their Memorandum in Support of Motion to Dismiss ("Mem.", Dkt. 33), Defendants pointed out multiple pleading deficiencies in the Complaint and explained why none of Plaintiff Michael Cusack's claims can survive dismissal. Cusack's barebones, two-and-a-half-page Opposition ("Opp.," Dkt. 34) hardly bothers to argue otherwise. Instead, Cusack merely asserts in conclusory fashion that he has sufficiently pled his claims (he has not), and demands discovery to which he is not entitled. Realizing that the Complaint cannot withstand a Rule 12(b)(6) motion, Cusack also seeks leave to amend; but Cusack failed to submit a proposed amended Complaint, as the local rules require, and he also does not even try to explain how he could cure any of the fatal deficiencies Defendants identified. The Court should grant Defendants' motion to dismiss, and deny Cusack's futile request for leave to amend.

## I. THE COMPLAINT PLEADS NO FACTS TO SUPPORT ANY CLAIMS AGAINST DEFENDANTS.

As Defendants demonstrated in moving to dismiss, the Complaint does nothing more than recite elements of various causes of action, which falls far short of what Rule 8 requires. Mem. at 3; *e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). As a result, none of Cusack's six causes of action—(1) strict liability, (2) negligence, (3) implied warranty, (4) express warranty, (5) failure to warn, and (6) punitive damages (Compl. ¶¶ 13-24)—can withstand dismissal. Specifically:

    1.    <u>Strict liability.</u> The Complaint does not state a strict liability manufacturing claim, because it does not allege how the Humira that Cusack took deviated from its intended design or from other Humira drugs. (Mem. at 4.) The Complaint does not

Reply in Support of Defendants' Motion to Dismiss      Page 1 of 8
*Cusack v. Abbott Laboratories, et al.*, Case No. 3:16-cv-00166 SLG
KE/TAM:jlw/2268-1/DefsReplyMotionDismiss

Case 3:16-cv-00166-SLG    Document 35    Filed 12/20/16    Page 2 of 9

state a strict liability design defect claim because it does not allege how an ordinary doctor would expect Humira to perform or how Humira did not perform as expected. (*Id.* at 5.) Finally, the Complaint also does not plead a strict liability failure-to-warn claim because it does not identify any alleged defect in Humira warnings, does not explain what warnings the Humira label should have included but did not, does not specify the scientifically knowable risks of Humira about which Defendants failed to warn, does not describe how Humira was made unreasonably dangerous by the purported failure to warn, and does not allege a causal connection between the alleged warning deficiencies and Cusack's alleged injuries. (*Id.* at 5-6.)

2. <u>Negligence.</u> The Complaint does not state a negligence claim because it fails to allege any facts regarding the manner in which the design, manufacture, advertising, warranty, or warnings associated with Humira were inadequate. (*Id.* at 6-7.) Moreover, Defendants have no duty to warn patients (like Cusack) of drug-related risks, because that duty runs to the prescribing physician only. (*Id.* at 7.)

3. <u>Breach of implied and express warranty.</u> The express warranty claim fails because the Complaint does not identify any express representation regarding Humira made by any Defendant, does not plead facts establishing that the Humira Cusack received was in any way defective, and does not allege that he relied on any representations from Defendants. (*Id.* at 7-8.) The implied warranty claim fails because the Complaint does not plead facts to explain how the Humira that Cusack received was not merchantable. (*Id.* at 8.)

4. <u>Failure to plead causation.</u> Separately, all of Cusack's claims fail because he does not sufficiently allege that Humira caused his injuries—a necessary element of

Reply in Support of Defendants' Motion to Dismiss  Page 2 of 8
*Cusack v. Abbott Laboratories, et al.*, Case No. 3:16-cv-00166 SLG
KE/TAM:jlw/2268-1/DefsReplyMotionDismiss
Case 3:16-cv-00166-SLG   Document 35   Filed 12/20/16   Page 3 of 9

his claims. At the most, Cusack has alleged a temporal relationship between his use of Humira and his development of heart conditions, but a mere temporal relationship is insufficient. (*Id.* at 9.) And Cusack does not allege that Humira is even capable of causing any of his alleged injuries—let alone that Humira in fact did cause any of them. (*Id.*)

5. <u>Punitive damages.</u> Finally, a claim for punitive damages is not a proper claim by itself; and because the substantive claims should be dismissed for reasons detailed above, the punitive claim fails as well. (*Id.* at 8-9.)

Cusack's threadbare Opposition addresses **none** of the above flaws. Instead, Cusack argues without any support that he has "alleged with sufficient specificity [1] the conditions that he has incurred since taking Humira, [2] that he learned of the causal connection between his cardiac conditions and Humira within the two years of the Complaint, and [3] that Humira did not warn." (Opp. at 1.) Cusack is wrong on each point.

First, the factual allegation that Cusack suffered some injuries at some point after taking Humira is **not** enough to establish that Humira caused those injuries, because "proving a *temporal* relationship between taking [a drug] and the onset of symptoms does not establish a *causal* relationship." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1243 (11th Cir. 2005) (emphases in original).[1] Second, the Complaint does not plead any "causal connection" between Cusack's alleged cardiac conditions and Humira, as he contends (Opp. at 1); instead, it pleads only a temporal relationship—

---

[1] *See also, e.g.*, *Schmitt-Doss v. Am. Regent, Inc.*, 2014 WL 3853184, at *8 (W.D. Va. Aug. 5, 2014) ("A temporal link is insufficient on its own to support proximate causation.") *aff'd*, 599 F. App'x 71 (4th Cir. 2015); Mem. at 9 & n.5.

Reply in Support of Defendants' Motion to Dismiss                                            Page 3 of 8
*Cusack v. Abbott Laboratories, et al.*, Case No. 3:16-cv-00166 SLG
KE/TAM:jlw/2268-1/DefsReplyMotionDismiss

Case 3:16-cv-00166-SLG   Document 35   Filed 12/20/16   Page 4 of 9

which, again, is not a substitute for a causal one. (Compl. ¶ 2 (alleging that "[p]rior to taking Humira, Cusack did not have heart problems" and that he now suffers from multiple heart conditions.) Third, Cusack contends that he has pled "that Humira did not warn" (Opp. at 1)—but as Defendants pointed out, the Complaint in fact does not have any well-pled allegations to support a failure-to-warn claim. (Mem. at 5-6.) In short, none of Cusack's claims are actually supported by plausible allegations, and all those claims are ripe for dismissal.

## II. DEFENDANTS' MOTION TO DISMISS SHOULD NOT BE CONVERTED INTO A MOTION FOR SUMMARY JUDGMENT.

Realizing that the Complaint cannot withstand dismissal, Cusack argues that Defendants' motion to dismiss should be converted into one for summary judgment. Cusack then argues that under Rule 56(d), he should be allowed to first take discovery before having to respond. (Opp. at 2-3.) This is wrong for multiple reasons.

***First***, Cusack's argument is premised on his claim that Defendants' motion relies on matters outside the pleadings. Not so. Defendants cited two publicly-available FDA documents: an FDA news release regarding Humira's approval for the treatment of Crohn's disease, and the January 2008 Humira label. (Mem. at 2-3 nn.1, 2; Exs. 1-2.) The Court can take judicial notice of both of these documents. (*See id.* (citing *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (taking judicial notice of FDA documents available on the FDA website, and noting that "[t]he court may take judicial notice of materials available on government agency websites.").) As Cusack's own authorities make clear, the Court can consider documents subject to judicial notice without converting a Rule 12(b)(6) motion into a motion for summary judgment. (Opp. at 3 (citing *Lee v. City of Los Angeles*, 250 F.3d

Reply in Support of Defendants' Motion to Dismiss  Page 4 of 8
*Cusack v. Abbott Laboratories, et al.*, Case No. 3:16-cv-00166 SLG
KE/TAM:jlw/2268-1/DefsReplyMotionDismiss

Case 3:16-cv-00166-SLG   Document 35   Filed 12/20/16   Page 5 of 9

668, 688-89 (9th Cir. 2001) (noting "exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion," one of which is that "a court may take judicial notice of 'matters of public record.'") (citation omitted.)[2]  Because there is no reason to convert Defendants' motion to dismiss into a motion for summary judgment, Rule 56(d) does not come into play at all.

**Second**, even if Rule 56(d) applied here (and it does not), this plainly would not be not an appropriate use of it.  Even setting aside the multiple procedural deficiencies with Cusack's Rule 56(d) request—which alone is reason enough to deny it[3]—the request concedes that Cusack needs discovery to plead out his claims.  But after *Twombly* and *Iqbal*, it is clear that a plaintiff who has not satisfied Rule 8 is **not** entitled to take discovery in hopes that he can then use that discovery to patch up his allegations.  *See, e.g.*, *Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Indeed, in this

---

[2] *See also, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (courts may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular . . . matters of which a court may take judicial notice."); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider . . . certain materials," including "matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment.").

[3] For one, Cusack's request for a continuance is not supported by an affidavit, as the rule requires.  *See* Rule 56(d) (nonmovant must show "by affidavit or declaration" that he "cannot present facts essential to justify [his] opposition").  Moreover, while Rule 56(d) requires Cusack to show (among other things) "the specific facts [he] hopes to elicit from further discovery," *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008), Cusack has failed to do that too—instead merely asserting that he needs discovery into such vague and general areas as the "testing/research of Defendants," "discovery as to warning decisions," and into "what Defendants knew[.]"  (Opp. at 3.)  Cusack's failure to set forth specific facts he believes discovery will show "is a proper ground" to deny his request.  *See Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827; *e.g.*, *Russell Road Food & Bev., LLC v. Spencer*, 829 F.3d 1152, 1157 n.3 (9th Cir. 2016) (Rule 56(d) request appropriately denied where the party "failed to 'identify by affidavit the specific facts that further discovery would reveal'").

Reply in Support of Defendants' Motion to Dismiss                                                    Page 5 of 8
*Cusack v. Abbott Laboratories, et al.*, Case No. 3:16-cv-00166 SLG
KE/TAM:jlw/2268-1/DefsReplyMotionDismiss

Case 3:16-cv-00166-SLG   Document 35   Filed 12/20/16   Page 6 of 9

circuit, a district court "lacks discretion to permit [a plaintiff] to begin discovery until defendants answer or it has determined that [plaintiff] has stated plausible claims for relief by denying a Rule 12(b)(6) motion." *Gerritsen v. Warner Bros. Entm't Inc.*, 2015 WL 4570081, at *2 (C.D. Cal. Mar. 2, 2015 (citing *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it.") (emphasis in original).) Thus, where a plaintiff concedes that he needs discovery to flesh out a claim—which is effectively what Cusack does here—dismissal, not discovery, is the answer because "[t]o allow Plaintiff to conduct discovery before he has stated valid claims would subvert the purpose of the pleading requirements." *Estate of Mendoza-Saravia v. Fresno Cty. Sheriff's Dept.*, 2010 WL 3069335, at *7 (E.D. Cal. Aug. 3, 2010) (quotation marks omitted).[4]

## III. THE COURT SHOULD DENY LEAVE TO AMEND.

As a fallback, Cusack contends that if the Court grants Defendants' motion to dismiss, he should be given "an opportunity to amend the Complaint to correct any perceived deficiencies." (Opp. at 3.) The Court should deny this request.

For one, this request is procedurally improper because Cusack failed to support it with a copy of the proposed amended Complaint, as this Court requires. *See* D. Alaska Civ. Local Rule 15.1(1) ("A party who moves to amend a pleading must attach a copy of the amended pleading to the motion."). That alone warrants denial. *See Felthauser v.*

---

[4] *See also, e.g.*, *Mindlab Media, LLC v. LWRC Int'l LLC*, 2012 WL 386695, at *6 (C.D. Cal. Feb. 6, 2012) ("plaintiffs' contention that discovery will reveal evidence that [defendant] engaged in wrongful conduct is precisely what the Supreme Court seeks to avoid.") (quotation marks omitted); *Bem v. Stryker Corp.*, 2015 WL 6089819, at *2 (N.D. Cal. Oct. 16, 2015) ("contrary to [plaintiff's] assertions, he cannot rely on discovery to supply the missing elements of his claim.").

Reply in Support of Defendants' Motion to Dismiss　　　　　　　　　　　　　　　　　　Page 6 of 8
*Cusack v. Abbott Laboratories, et al.*, Case No. 3:16-cv-00166 SLG
KE/TAM:jlw/2268-1/DefsReplyMotionDismiss

Case 3:16-cv-00166-SLG   Document 35   Filed 12/20/16   Page 7 of 9

*U.S.*, 2007 WL 2903019, at *3 (D. Alaska Oct. 1, 2007) ("Because there is no proposed amended complaint which the court can review, the court will deny plaintiff's motion to amend.").

Second, Cusack does not even explain how his amended Complaint would address any of the multiple pleading flaws the Defendants' motion pointed out. The absence of any explanation is all the more telling in light of the fact that Defendants pointed out these deficiencies months ago, in a detailed pre-motion letter dated August 26, 2016, and then also had multiple phone conversations with Cusack's counsel to further explain those deficiencies. (*See* Dkt. 32 at 3.) Cusack's barebones Opposition, his request for a Rule 56(d) postponement, his failure to submit a proposed amended Complaint, and the total lack of any explanation of what further facts he may have to support his claims can only mean one thing: Cusack cannot state any claims without first taking discovery. In circumstances like this, there is no point in granting leave to amend. *See Tapper v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 12501082, at *2 (D. Ariz. June 20, 2012) (denying leave to amend where plaintiff "admitted that he needs discovery to determine what wrongs he suffered," because "[t]hat is clearly improper").

## CONCLUSION

For the foregoing reasons, and for additional reasons detailed in Defendants' memorandum in support of motion to dismiss, the Court should dismiss all of Cusack's claims and deny Cusack's request for leave to amend.

Reply in Support of Defendants' Motion to Dismiss   Page 7 of 8
*Cusack v. Abbott Laboratories, et al.*, Case No. 3:16-cv-00166 SLG
KE/TAM:jlw/2268-1/DefsReplyMotionDismiss

Case 3:16-cv-00166-SLG   Document 35   Filed 12/20/16   Page 8 of 9

DATED this 20th day of December 2016 in Anchorage, Alaska.

                              MATTHEWS & ZAHARE, P.C.
                              Counsel for Defendants

                        By:    /s/ Thomas A. Matthews
                              Alaska Bar No. 8511179
                              911 West 8th Ave., Suite 400
                              Anchorage, AK 99501
                              Phone: (907) 276-1516
                              Fax: (907) 276-8955
                              tom@matthewszahare.com

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing by CM/ECF transmission this 20th day of December 2016 to:

Phillip Paul Weidner, Esq.
Michael Cohn, Esq.
Weidner & Associates, APC
943 West 6th Ave., Suite 300
Anchorage, AK 99501
phillipweidner@weidnerjustice.com
*Counsel for Plaintiff*


  s/Joyce L. Wylie_____

Reply in Support of Defendants' Motion to Dismiss           Page 8 of 8
*Cusack v. Abbott Laboratories, et al.*, Case No. 3:16-cv-00166 SLG
KE/TAM:jlw/2268-1/DefsReplyMotionDismiss

Case 3:16-cv-00166-SLG    Document 35    Filed 12/20/16    Page 9 of 9