# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MICHAEL CUSACK,

    Plaintiff,

v.

ABBOTT LABORATORIES, INC., et al.,

    Defendants.

Case No. 3:16-cv-00166-SLG

## ORDER RE MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss at Docket 32. The motion is fully briefed.[1] Oral argument was not requested and was not necessary for the Court's decision.

Defendants[2] move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) and the Supreme Court's interpretation of that rule in *Ashcroft v. Iqbal*.[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] *Iqbal* does not require a plaintiff to prove his case in his pleading, but rather requires the plaintiff to "state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the

---

[1] *See* Docket 33 (Mem.); Docket 34 (Opp'n); Docket 35 (Reply).

[2] "Defendants" refers to AbbVie Inc., AbbVie US LLC, AbbVie Endocrinology Inc., and Abbott Laboratories, Inc. *See* Docket 32 at 2. The parties previously stipulated to the dismissal of Defendant Louise Kressly from the case. *See* Docket 30.

[3] *See* Docket 33 at 5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[4] *Iqbal*, 556 U.S. at 378 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

misconduct alleged]."[5]  This inquiry requires the Court to "draw on its judicial experience and common sense."[6]

When a motion to dismiss for failure to state a claim is granted, leave to amend should ordinarily be accorded to a party.  But leave to amend is properly denied as to those claims for which amendment would be futile.[7]

## BACKGROUND

For purposes of Defendants' motion, the Court accepts the Complaint's factual allegations as true and "construe[s] them in the light most favorable" to Plaintiff.[8]  According to the Complaint,[9] Plaintiff Michael Cusack is a dermatologist in Alaska who in 2008 was prescribed and began taking the drug Humira to treat Crohn's disease.[10]  Although Dr. Cusack had no heart problems prior to taking Humira, he now suffers from "a left bundle branch block," "premature ventricular contractions," and has been diagnosed with "cardiomyopathy."[11]  Dr. Cusack also alleges that he "learned of the

---

[5] *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556) (alterations in original).

[6] *Iqbal*, 556 U.S. at 679.

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) ("Although leave to amend a deficient complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), leave may be denied if amendment of the complaint would be futile." (citation omitted)).

[8] *OSU Student All. v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

[9] Defendants attached additional materials to their motion, *see* Docket 32-1; Docket 32-2, but it is unnecessary for the Court to consider them at this juncture.

[10] Docket 16-1 (Compl.) at 1, ¶ 1.

[11] Docket 16-1 at 2, ¶ 2.

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 2 of 10
Case 3:16-cv-00166-SLG   Document 37   Filed 01/17/17   Page 2 of 10

connection between Humira and his heart problems within the past two years,"[12] and that he "was prescribed the drug, leading to chronic heart problems."[13]

The Complaint also alleges that because Dr. Cusack is a dermatologist, and because Humira is used not only to treat Crohn's disease but also psoriasis, representatives of one or more of the Defendant drug companies encouraged him, as a prescribing doctor, to prescribe Humira to his patients. These representatives did not warn Dr. Cusack of the risks of taking Humira. Indeed, according to Dr. Cusack's Complaint, these representatives "urged Plaintiff to increase the dosage of Humira he was taking."[14] And Dr. Cusack alleges, on information and belief, that the Defendant drug companies did not inform Dr. Cusack's own treating physicians "of adverse effects as to the use of the product."[15]

## DISCUSSION

Dr. Cusack pleads six causes of action under Alaska law: strict liability, negligence, breach of implied warranty, breach of express warranty, failure to warn, and "punitive damages."[16] Defendants assert that there are inadequate facts pled to support any and each of these claims. The Court will address each in turn, and consistent with the

---

[12] Docket 16-1 at 2, ¶ 2.

[13] Docket 16-1 at 5, ¶ 11.

[14] Docket 16-1 at 1–2, ¶ 1.

[15] Docket 16-1 at 5, ¶ 12.

[16] As Defendants point out, "punitive damages" is not itself a cause of action, but rather a remedy.

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 3 of 10
Case 3:16-cv-00166-SLG   Document 37   Filed 01/17/17   Page 3 of 10

Supreme Court's guidance in *Iqbal*, "begin[s] by taking note of the elements a plaintiff must plead to state a claim."[17]

*I. Specific Claims*

    *A.    Strict Liability*

In Alaska, "[a] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being."[18] The defect can be a manufacturing defect, a design defect, or a failure to provide adequate warnings

Defendants contend that the Complaint is deficient because it fails to allege any "facts about the nature of any alleged manufacturing defect, because it does not allege how the Humira Cusack took deviated from its intended design or how it deviated from other Humira prescriptions."[19] Defendants also contend that a design defect has not been pled because there are "no factual allegations about how an ordinary doctor would expect Humira to perform or how Humira did not perform in the manner that an ordinary doctor would expect."[20]

But Dr. Cusack has adequately alleged that Humira caused him harm. If medicine "failed to perform as safely as an ordinary consumer would expect," it is defective.[21] It is

---

[17] *Iqbal*, 566 U.S. at 675.

[18] *Shanks v. Upjohn Co.*, 835 P.2d 1189, 1194 (Alaska 1992) (quoting *Clary v. Fifth Ave. Chrysler Center*, 454 P.2d 244, 247 (Alaska 1969)).

[19] Docket 33 at 8.

[20] Docket 33 at 9.

[21] *Shanks*, 835 P.2d at 1194 (quoting *Caterpillar Tractor Co. v. Beck*, 593 P.2d 871, 886 (Alaska 1979)). In the context of prescription drugs, the "ordinary consumer" is the prescribing doctor.

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 4 of 10
Case 3:16-cv-00166-SLG   Document 37   Filed 01/17/17   Page 4 of 10

surely a reasonable inference that "an ordinary doctor" would not expect a prescription drug to cause unwarned-of harm.  Moreover, Dr. Cusack has alleged that he is a doctor that has prescribed Humira, and that although he began taking Humira in 2008 he did not "learn of the connection" between Humira and his heart problems until two years ago.  This is a sufficient allegation that "an ordinary doctor," such as Dr. Cusack, would not expect Humira to cause him the harm he alleges it did.  This is adequate to plead a design defect.

Defendants are correct that Dr. Cusack does not specifically allege that the Humira he took differed from other Humira, and hence that there was a manufacturing defect as opposed to a design defect.  But manufacturers are strictly liable for harm caused by defects in their goods, without regard to the nature of the defect.  Thus, although Dr. Cusack may later pursue a particular theory of exactly how the Humira he took was defective, he has alleged sufficient facts—that the Humira he took that was manufactured by Defendants failed to perform as an ordinary consumer would expect by causing him harm—to state a plausible claim for strict liability.  "After all, most (if not all) of the detailed information concerning" Humira's manufacturing and design "is in the control of the defendants."[22]

As to the failure-to-warn claim,[23] Defendants claim that the allegations do not "identify any alleged defect in the Humira warnings" or "explain what warnings the Humira

---

*See id.* at 1195.

[22] *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), as amended (Jan. 26, 2015) (declining to require FLSA overtime plaintiffs to plead an approximation of the number of overtime hours worked).

[23] Dr. Cusack pleads a separate cause of action for failure to warn, but Defendants address that

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 5 of 10
Case 3:16-cv-00166-SLG   Document 37   Filed 01/17/17   Page 5 of 10

label should have included, but did not," or "specify the 'scientifically knowable risks or dangers' about which the defendants failed to warn"[24] The Complaint alleges that Dr. Cusack is a prescribing doctor and, immediately after alleging the specific heart conditions he now suffers, alleges that Defendants "did not warn of the potential side effects/complications of taking Humira."[25] The Complaint also alleges that Defendants never informed Dr. Cusack's healthcare providers of the risks of using Humira.[26] The Complaint adequately alleges that the "defect" was the failure to warn of the potential for the side effects that Dr. Cusack now suffers; those side effects are the "scientifically knowable risks or dangers" about which Dr. Cusack contends Defendants did not warn either him or his prescribing doctors.

B. *Negligence*

Defendants would appear to be manufacturers of products placed on the market that they know are to be used without inspection for defects. As such, they would be subject to strict liability if harm is caused by any defects in their products. Accordingly, it seems unlikely that Dr. Cusack would have to prove negligence. But, as everywhere, Alaska permits a claim of negligence if a plaintiff shows that a defendant breached a duty owed to the plaintiff, and that that breach caused the plaintiff harm.[27]

---

cause of action in their challenge to the strict liability claim, and so the Court does as well. *See* Docket 33 at 10 n. 4.

[24] Docket 33 at 10.

[25] Docket 16-1 at 2, ¶ 2.

[26] Docket 16-1 at 5, ¶ 12.

[27] *See Silvers v. Silvers*, 999 P.2d 786, 793 (Alaska 2000).

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 6 of 10
Case 3:16-cv-00166-SLG   Document 37   Filed 01/17/17   Page 6 of 10

Here, Dr. Cusack's Complaint alleges that Defendants market and manufacture Humira, and that the Humira he took was defective because it caused him harm. The Complaint alleges that Humira was "designed and/or manufactured and/or marketed without . . . adequate testing or studies."[28] Dr. Cusack also alleges that Defendants' agents—who are apparently not his treating physicians—encouraged him to increase his dosage.[29] Even if Defendants are strictly liable for defects in their products, they also owe a duty of care to consumers of their products.[30] Dr. Cusack's negligence allegation, when read together with the balance of the Complaint, adequately pleads facts to support this cause of action.

### C. Breach of Implied Warranty

Defendants assert that Dr. Cusack has not pleaded facts to support a claim of breach of implied warranty. Alaska recognizes an implied warranty of merchantability and a warranty of fitness for intended purpose.[31] And in Alaska, "implied warranty and strict products liability are sufficiently similar to require that a complaint worded in terms of the former theory should be deemed to raise a claim under the latter theory."[32] In light of the

---

[28] Docket 16-1 at 5, ¶ 11.

[29] Docket 16-1 at 2, ¶ 1.

[30] *See Selden v. Burnett*, 754 P.2d 256, 260 (Alaska 1988) ("A manufacturer's duty of care is broad, because products necessarily and inevitably get transmitted from manufacturer to retailer to consumer. Furthermore, product consumers are often powerless to protect themselves from injury."). The existence of a duty is determined as a matter of law, *see* Restatement (Second) of Torts § 328B (b) & *cmt. f* ("In an action for negligence the court determines . . . whether such facts give rise to any legal duty on the party of the defendant."); Restatement (Third) of Torts § 6 *cmt. b* ("The first element, duty, is a question of law for the court to determine.").

[31] *See, e.g.*, *Shooshanian v. Wagner*, 672 P.2d 455, 461 (Alaska 1983).

[32] *Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 283 (Alaska 1976) (quoting *Bachner v.*

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 7 of 10

Case 3:16-cv-00166-SLG   Document 37   Filed 01/17/17   Page 7 of 10

Court's ruling on the strict products liability claim, the breach of implied warranty claim may also proceed.

### D. Breach of Express Warranty

Breach of an express warranty requires proof of the plaintiff's reliance on an express warranty, that the product failed to perform in accordance with warranty terms, and that such failure caused harm to the plaintiff.[33] Defendants contend that Dr. Cusack has failed to allege "any express representation made by any defendant" or "that he relied on the defendants' express representation."[34]

The Court agrees with Defendants that the Complaint fails to allege a sufficiently specific express guarantee that Defendants did not conform with. It is not clear what, precisely, is guaranteed by a statement "misrepresenting to Plaintiff and treating doctors the benefits of Humira and minimizing the risks."[35] For that reason, the Court will grant Defendants motion to dismiss this claim, but will grant Dr. Cusack leave to amend his Complaint to repair the deficiency.

### E. Punitive Damages

Defendants insist that the Complaint's "punitive damages allegations merely parrot the legal elements of a punitive damages claim, but provide no factual support for those

---

*Pearson*, 479 P.2d 319, 326–27 n.15 (Alaska 1970)).

[33] *Shooshanian*, 672 P.2d at 461; *see also Universal Motors, Inc. v. Waldrock*, 719 P.2d 254 (Alaska 1986).

[34] Docket 33 at 12.

[35] Docket 16-1 at 6, ¶ 20.

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 8 of 10
Case 3:16-cv-00166-SLG Document 37 Filed 01/17/17 Page 8 of 10

elements."[36] But the Complaint alleges that "Defendants refused to recall, and/or adequately warn, even after it became known that said product could cause severe injury to the recipients including knowledge of prior injuries before Plaintiff was prescribed the drug . . . ."[37] This is a sufficient factual allegation to render plausible Dr. Cusack's claim that Defendants' actions were taken with "reckless indifference to the interest of another person."[38]

*II. Causation*

Defendants contend that all of Dr. Cusack's allegations fail as a matter of law because Dr. Cusack "does not sufficiently allege that Humira caused his injuries."[39] In Defendants' view, Dr. Cusack alleges "a mere temporal relationship" between his injury and his use of Humira.[40] But the Complaint alleges that there is a "connection between Humira and his heart condition" and that Dr. Cusack "was prescribed the drug, leading to chronic heart problems." The Complaint adequately alleges a causal connection between the drug and Dr. Cusack's heart problems. This is sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[41]

---

[36] Docket 33 at 12.

[37] Docket 16-1 at 5, ¶ 11.

[38] AS 09.17.020(b).

[39] Docket 33 at 13.

[40] Docket 33 at 13.

[41] *Iqbal*, 556 U.S. at 378; *cf. OSU Student All.*, 699 F.3d at 1070 (finding the causation element of a § 1983 suit against an individual satisfied by allegations that the individual "personally applied the [unconstitutional] policy against plaintiffs").

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 9 of 10
Case 3:16-cv-00166-SLG   Document 37   Filed 01/17/17   Page 9 of 10

## CONCLUSION

In order to prevail against the Rule 12(b)(6) motion," Dr. Cusack "would have to allege facts that would lead to the plausible inference" that he is entitled to relief. With the exception of his claim for breach of express warranty, Dr. Cusack has done so.

Therefore, IT IS ORDERED that Defendants' Motion to Dismiss at Docket 32 is GRANTED IN PART and DENIED IN PART.

The motion is GRANTED with leave to amend as to Plaintiff's Fourth Cause of Action for Breach of Express Warranty. Defendants' motion is DENIED in all other respects.

Any motion to amend the Complaint to address the defect in the pleading shall be filed within the timeframe that will be specified in the Scheduling Order to be issued separately.

DATED this 17th day of January, 2017, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cv-00166-SLG, *Cusack v. Abbott Labs. et al.*
Order re Motion to Dismiss
Page 10 of 10
Case 3:16-cv-00166-SLG   Document 37   Filed 01/17/17   Page 10 of 10